# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE WADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-814** |
| **STATE OF LOUISIANA** | **SECTION "I"(5)** |

## TRANSFER ORDER

Petitioner, GEORGE WADE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1980 state court conviction and sentence.[1] To support his challenge, petitioner contends that the State of Louisiana relinquished jurisdiction in returning him to the State of Arizona prior to his completing the Louisiana sentence and, in the alternative, that he should have been given credit toward his Louisiana sentence for time served in the State of Arizona.

A review of this Court's records reflects that petitioner has filed several prior petitions for writ of habeas corpus related to this same conviction and sentence. The first petition was entitled

---

[1] Wade was convicted of armed robbery in Louisiana in 1980 and sentenced to 45 years in prison. He was then released to Arizona to serve a 21-year sentence for a 1982 burglary conviction. The State of Louisiana issued a detainer against Wade related to his Louisiana convictions. Wade is presently serving his Louisiana sentence for armed robbery and a two-year sentence for escape.

George Wade v. State of Louisiana, Civil Action 88-3132 "I"(5). In that petition, Wade raised the following grounds for relief:

1) The evidence was insufficient for a finder of fact to conclude that every element of the crime charged was established beyond a reasonable doubt; and

2) An affidavit of Philip Workman shows that it was Workman, rather than Wade, who committed the crime.

That petition was dismissed with prejudice on the merits by Judgment entered March 30, 1989. Petitioner did not appeal that judgment.

Wade filed a second federal petition for habeas corpus relief, entitled George Wade v. State of Louisiana, Civil Action 94-2121 "I"(5). In that petition, Wade raised as his only claim for relief newly discovered evidence in the form of an affidavit by Philip Workman. This court dismissed his petition without prejudice for failure to exhaust state court remedies. See Rec. Doc. No. 9.

Wade filed a third federal petition for habeas corpus relief, entitled George Wade v. Terry L. Stewart, Director of Arizona Department of Corrections, Civil Action 97-2860 "I"(5). In the petition, Wade claimed that the prosecution suppressed certain evidence under Brady v. Maryland, 373 U.S. 83 (1963). The petition was considered to be a second or successive habeas petition as set forth in 28 U.S.C. § 2244. Wade's petition was transferred to the U.S. Fifth Circuit Court of Appeals for authorization to file his second or successive petition in the district court. The Fifth Circuit Court of Appeals denied Wade's motion for authorization. In Re Wade, 97-00477 (5th Cir. 1997).

Wade filed a fourth federal petition for habeas corpus relief, entitled George Wade v. Jeffery Travis, Civil Action 07-9006 "I"(5). In that petition, he asserted the following grounds for relief:

> 1) The State of Louisiana relinquished jurisdiction over petitioner by releasing him to the State of Arizona before completion of his imposed sentence and without extradition proceedings.

The petition was transferred to the U.S. Fifth Circuit Court of Appeals, where his request for authorization to file his second or successive petition was denied. In Re Wade, 08-30113 (5th Cir. 2008).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that GEORGE WADE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___26th___ day of _____April_____, 2010.

_____
UNITED STATES DISTRICT JUDGE